# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LOU RYAN, | Case No. 1:19-cv-00973-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 24, 26) |
| Defendant. | |

Petitioner Shellie Lott ("Counsel"), attorney for Rebecca Lou Ryan ("Plaintiff"), filed the instant motion for attorney fees on May 18, 2021. Counsel requests fees in the amount of $6,840.31 pursuant to 42 U.S.C. § 406(b)(1). (Pl.'s Mot. for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (hereafter "Mot."), ECF No. 24.) Plaintiff has not objected to the request. On June 4, 2021, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on July 16, 2019. (ECF No. 1.) The parties consented to the jurisdiction of the magistrate judge and the matter was assigned to the undersigned for all purposes. (ECF Nos. 7, 8, 30.) On May 25, 2020, at the stipulation of the parties, the matter was remanded to the Commissioner for

1

further proceedings and judgment was entered in favor of Plaintiff.  (ECF Nos. 19, 20, 21.)  On June 8, 2020, at the stipulation of the parties, Plaintiff was awarded attorney fees in the amount of $2,380.91.  (ECF Nos. 22, 23.)

On remand, the ALJ found that Plaintiff meet all the rules to be eligible for supplemental security income as of December 2015, and past benefits were awarded in the amount of $41,837.58.[1]  (ECF No. 24-2 at 1-2.)  In the instant motion, Petitioner seeks $6,840.31 for work performed in this action.  (ECF No. 24.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable.  Crawford, 586 F.3d at 1148.  The attorney has the burden of demonstrating that the fees requested are

---

[1] As Defendant notes, the notices does not state that twenty-five percent of the award was withheld in case the representative requested a fee, but that is the Commissioner's standard practice. (Def.'s Response to Pl.'s Mot. for Attorney Fees, 2 n.1, ECF No. 26.)

1 reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

2    In determining the reasonableness of an award, the district court should consider the
3 character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,
4 an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.
5 Gisbrecht, 535 U.S. at 796.

6    The Ninth Circuit has identified several factors that a district court can examine under
7 Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met
8 his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
9 standard of performance of the attorney in representing the claimant; (2) whether the attorney
10 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
11 past-due benefits; and (3) whether the requested fees are excessively large in relation to the
12 benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586
13 F.3d at 1151.

## III.

## DISCUSSION

16    The Court has conducted an independent check to insure the reasonableness of the
17 requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the employment
18 agreement between Plaintiff and Petitioner provides "[i]f Attorney prevails before the Federal
19 Court, and if Claimant is subsequently awarded benefits by the Social Security Administration
20 ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-
21 due benefits." (Employment Agreement Contract for Federal Court Work, attached to Motion,
22 ECF No. 24-3.) Plaintiff has been awarded back payment of benefits from January 2016 through
23 March 2021 in the amount of $41,837.58. (ECF No. 24-2 at 1-2.) In determining the
24 reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

25    There is no indication that a reduction of fees is warranted for substandard performance.
26 Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.
27 Although this action does involve five years of backpay, there is no indication that Counsel was
28 responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent

1  fee at the outset of the representation and Petitioner is seeking payment of $6,840.31 which is
2  16.3% of the backpay award.  The $6,840.31 fee is not excessively large in relation to the past-
3  due award of $41,837.58.  In making this determination, the Court recognizes the contingent
4  nature of this case and Counsel's assumption of the risk of going uncompensated.  Hearn v.
5  Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

6  In support of the motion, Petitioner submits a log of the time spent in prosecuting this
7  action.  (Schedule of Hours for Shellie Lott, Esq. and Betsy R. Shepherd, Esq., ECF No. 24-4.)
8  The log demonstrates that the attorneys spent 11.6 hours on this action.  (Id.)  When considering
9  the total amount requested by Petitioner, the fee request translates to $589.68 per hour for the
10 services provided in this action.  In Crawford the appellate court found that a fee of $875 and
11 $902 per hour, for time of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d
12 at 1152 (dissenting opinion).

13 Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find
14 fee awards much higher than this to be reasonable.  Williams v. Berryhill, No. EDCV 15-919-
15 KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an
16 hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL
17 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under
18 the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D.
19 Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal
20 services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D.
21 Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the
22 hourly fee amount represented in a § 406 fee award.")

23 The Court finds that the requested fees are reasonable when compared to the amount of
24 work Petitioner performed in representing Plaintiff in court.  Petitioner's representation of the
25 claimant resulted in the action being remanded for further proceedings and ultimately benefits
26 were awarded.  Counsel also submitted a detailed billing statement which supports her request.
27 (ECF No. 24-4.)

28 The award of Section 406(b) fees is offset by any prior award of attorney fees granted

under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has previously been awarded $$2,380.91 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $6,840.31 is GRANTED;

2. This amount shall be paid directly to Shellie Lott.  The Commissioner is to remit to Plaintiff the remainder of his withheld benefits if any; and

3. Petitioner is ordered to refund $2,380.91 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:  **July 19, 2021**

UNITED STATES MAGISTRATE JUDGE